UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERESA A. HUNTER, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|     vs. | ) CAUSE NO. 1:12-cv-56-WTL-DML |
| | ) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) |
| OF SOCIAL SECURITY, | ) |
| | ) |
|   Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Teresa Hunter requests judicial review of the final decision of Defendant

Michael J. Astrue, Commissioner of the Social Security Administration ("Commissioner"),

denying her application for Disability Insurance Benefits ("DIB") and Supplemental Insurance

Benefits ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). The Court rules as

follows.

## I.  PROCEDURAL HISTORY

Hunter filed her application for DIB and SSI in June 2008, alleging disability beginning

on August 25, 2007. Her application was denied initially and upon reconsideration, whereupon

she requested and was granted a hearing before an administrative law judge ("ALJ"). Hunter

was represented by counsel at the hearing, which was held on September 10, 2010, before ALJ

Tammy Whitaker. Hunter and a vocational expert testified at the hearing. Thereafter, on

September 24, 2010, the ALJ rendered her decision in which she concluded that Hunter was not

disabled as defined by the Act. The Appeals Council denied Hunter's request for review of the

ALJ's decision, and Hunter filed this timely action for judicial review.

## II.  UNDERLINE[EVIDENCE OF RECORD]

The specifics of Hunter's medical records are aptly summarized in the ALJ's decision and

Hunter raises no objections to the ALJ's rendition of the relevant facts.  Indeed, the details of

Hunter's medical records are not relevant to the (appropriately) narrow issues raised by Hunter in

this appeal. Accordingly, there is no need for the Court to set those facts out in this decision.

## III.  APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by

reason of a medically determinable mental or physical impairment which can be expected to

result in death, or which has lasted or can be expected to last for a continuous period of at least

twelve months."  42 U.S.C. § 423(d)(1)(A).  In order to be found disabled, a claimant must

demonstrate that her physical or mental limitations prevent her from doing not only her previous

work, but any other kind of gainful employment that exists in the national economy, considering

her age, education, and work experience.  42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step

sequential analysis.  At step one, if the claimant is engaged in substantial gainful activity she is

not disabled, despite her medical condition and other factors.  20 C.F.R. § 404.1520(b).[1]   At step

two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her

ability to perform basic work activities), she is not disabled.  20 C.F.R. § 404.1520(c).  At step

three, the Commissioner determines whether the claimant's impairment or combination of

impairments meets or medically equals any impairment that appears in the Listing of

Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-

---

[1]The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

month duration requirement; if so, the claimant is deemed disabled.  20 C.F.R. § 404.1520(d).

At step four, if the claimant is able to perform her past relevant work, she is not disabled.  20

C.F.R. § 404.1520(f).  At step five, if the claimant can perform any other work in the national

economy, she is not disabled.  20 C.F.R. § 404.1520(g).

　　　In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be

upheld by this court "so long as substantial evidence supports them and no error of law

occurred."  *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001).  "Substantial evidence

means such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion," *id*., and this court may not reweigh the evidence or substitute its judgment for that

of the ALJ.  *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008).  The ALJ is required to

articulate only a minimal, but legitimate, justification for her acceptance or rejection of specific

evidence of disability.  *Scheck v. Barnhart*, 357 F.3d 697, 700 (7th Cir. 2004).  In order to be

affirmed, the ALJ must articulate her analysis of the evidence in her decision; while she "is not

required to address every piece of evidence or testimony," she must "provide some glimpse into

her reasoning . . . [and] build an accurate and logical bridge from the evidence to her

conclusion." *Id.*

## IV.  THE ALJ'S DECISION

　　　The ALJ found at step one that Hunter had not engaged in substantial gainful activity

since her alleged onset date of August 25, 2007.  At steps two and three, the ALJ found that

Hunter had the severe impairments of "joint pain of the leg status post fractures of the tibia

fibula; right leg pain, weakness, and sensory disturbance, neuropathy; cyst of the bone; and joint

effusion," but that her impairments, singly or in combination, did not meet or medically equal a

listed impairment.  At step four, the ALJ concluded that Hunter had

the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the following:  sit up to 30 minutes at a time; stand up to 30 minutes at a time; walk up to 30 minutes at a time; the claimant must be allowed to sit/stand alternatively and after sitting the claimant must be up for five minutes before sitting back down; limited to occasionally operating a motor vehicle; must be allowed to frequently elevate lower extremity up to 12 inches; never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs; occasionally balance or stoop; never crouch, kneel, or crawl; occasional exposure to extreme cold, heat, wetness, humidity, or noise; occasional exposure to irritants such as fumes, odors, dust, and gases; avoid all exposure to unprotected heights, dangerous machines, and slippery or uneven surfaces; limited to simple, routine, and repetitive tasks; and limited to low stress job defined as only occasional decision making and occasional changes in the work setting.

Record at 21.  Given this RFC, the ALJ determined that Hunter was unable to perform her past relevant work as a home health aide and assembler because those jobs were performed at the medium exertional level.  Finally, at step five the ALJ determined that Hunter could perform a range of sedentary occupations that exist in the national economy, including pari-mutuel ticket checker and general office clerk.  Accordingly, the ALJ concluded that Hunter was not disabled as defined by the Act.

## V. <u>DISCUSSION</u>

Hunter argues that the ALJ erred in two respects at step five.  The Court agrees.

First, the ALJ's determination that there are jobs that Hunter can perform necessarily is based upon the testimony of the vocational expert at the hearing which, in turn, was based upon the hypothetical question posed by the ALJ to the vocational expert during the following exchange:

ALJ:   Okay.  And if there was a hypothetical person who had the same vocational profile but a residual functional capacity that they could perform at the sedentary exertion level.  They could stand 30 minutes at one time, they could sit for 30 minutes at one time and they could walk for 30 minutes at one time.  They would need a sit/stand option, allow them to

sit or stand alternatively. . . .² Is there any other work in the economy the person could perform?

VE:     Your Honor, I need some clarification.

ALJ:    And what's the clarification?

VE:     Sit/stand option, is that at will?

ALJ:    No.

VE:     And sit 30 minutes, what would they do like stand for a period of time?

ALJ:    They could just stand up momentarily.

VE:     Momentarily.

ALJ:    Let's say less than five minutes just for clarity.

*Id.* at 58-59.  The vocational expert testified that such a hypothetical person could perform jobs such as pari-mutuel ticket checker and general office clerk.

The problem is that, with regard to the need to alternate sitting and standing, Hunter's RFC as defined by the ALJ is more limiting than that of the hypothetical person addressed by the vocational expert.  The ALJ's RFC determination includes the fact that Hunter "must be up for five minutes before sitting back down." *Id.* at 21.  It is clear from the vocational expert's colloquy with the ALJ that the amount of time a person needed to stand was important to the vocational expert's opinion regarding her ability to work, and yet there is no evidence in the record regarding what jobs a person who "must be up for five minutes before sitting back down" can perform.  Rather, the vocational expert testimony testified about a hypothetical person who needed to stand "momentarily," which the ALJ defined as "less than five minutes."  There must be a

--------

²The ALJ's hypothetical person had numerous other restrictions, none of which are at issue.  All references to the hypothetical person in this Entry should be read as including all of these other restrictions.

tipping point at which the need to stand up precludes the performance of certain jobs; neither the ALJ nor this Court has any way of knowing whether five minutes is that point, because the ALJ did not ask the person who presumably would know—the vocational expert.  Therefore the ALJ's determination that Hunter—whom the ALJ determined must be allowed to stand for five minutes after sitting for thirty minutes—can perform jobs such as pari-mutuel ticket checker and general office clerk is not supported by substantial evidence and remand is required.

Hunter also argues that the ALJ's determination regarding her need to elevate her leg is not based on substantial evidence.  This argument, too, involves a tipping point. The vocational expert testified that a hypothetical person's need to frequently elevate her leg 12 to 15 inches would preclude the ability to work, while the need to frequently elevate her leg "up to but not greater than 12 inches" would not.  The ALJ found as part of her RFC determination that Hunter needed to frequently elevate her leg up to twelve inches.  As Hunter correctly notes, however, the ALJ does not point to any evidence in the record to support this finding.  On remand, the ALJ should reexamine this issue and, if she reaches the same conclusion, explain the basis for it.

## VI.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED:   12/12/2012

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification